## MENDELSON et al. v. ROLAND.
No. 4520.   Decided May 4, 1927.   (256 P. 544.)

*B. L. Liberman* and *A. L. Hoppaugh,* both of Salt Lake City, for appellants.

*Ray & Rawlins,* of Salt Lake City (Hurd & Hurd of Salt Lake City, of counsel), for respondent.

STRAUP, J.

This case involves the question of the specific performance of a contract to sublease realty. It was here before. 66 Utah, 87, 243 P. 798. On the former appeal we approved the principal findings of the court below, finding the issues in favor of the defendant. There is a material and disputed point in the case as to a renewal offer or the making of a new offer and an acceptane of it after unsuccessful prior negotiations had terminated. On the former appeal we held the trial court had failed to make any finding as to such point or issue, and that a finding thereon was necessary to a proper determination of the cause. We therefore remanded the case to the trial court, with directions to make additional findings either on the evidence already adduced or by taking further evidence. Further evidence on behalf of the defendant, against objections of the plaintiffs, was given respecting the question of whether a renewal or any new offer was made by the defendant, and to the effect that no such offer or renewal was made. The plaintiffs offered no further evidence. At the conclusion of the hearing, the court on the whole record, including the additional evidence, found such issue in favor of the defendant, and made additional and supplemental findings, conclusions, and a decree accordingly. The plaintiffs again appeal. They complain because we did not on the former appeal, and on the record before us, ourselves make a finding or direct the kind of finding to be made respecting the subject on which the trial court on the first trial had failed to make findings. This on the ground, as claimed, that the evidence respecting the subject was substantially without dispute and to the effect that such new offer or renewal of an offer was made by the defendant and accepted by the plaintiff. And, inasmuch as the subject was a material issue, and the parties having given evidence respecting it or had full opportunity to do so, the case, if not finally determined by us, ought to have been remanded, with directions to the trial court to make a finding on the evidence only adduced on the former hearing, and not on

any additional or further evidence. When we remanded the case, we directed the trial court to do the one or the other in his discretion. If we erred in that, the plaintiffs, by petition before the remittitur went down, could have called our attention to it, and, if erroneous, could have had it corrected. This they did not do. It is too late to complain of it now. And then we are still satisfied with the disposition we made of the matter. A reading of the prior opinion does not show that the evidence respecting the subject on the first trial was so one-sided as to demand a finding in favor of the plaintiffs. Being of the opinion that there was some substantial conflict in the evidence, we reached the conclusion to remand the matter to the trial court for a finding; and, if either party or both desired to give further evidence, the trial court in his discretion could permit it. We thought then and still think that in view of the record such disposition was proper.

The further point is made that, on the whole record, including the additional evidence, the supplemental finding of the trial court is not supported by the greater weight of the evidence, nor by the more credible testimony. That there is now a direct conflict in the evidence is not disputed. Chiefly what is claimed is that witnesses who now dispute the testimony of the principal witness for the plaintiffs that there was a renewal or a new offer did not, when called and when giving their testimony on the first trial, contradict or dispute him, and that they ought not now at "this belated hour" be permitted to do so. Such may have some bearing on the weight of the testimony complained of, but in and of itself is no good reason to reject or discredit the testimony.

On the whole record we do not think the finding is against the weight of the evidence and hence is approved by us.

The judgment of the court below is therefore affirmed, with costs.

THURMAN, C. J., and CHERRY, GIDEON, and HANSEN, JJ., concur.